Jasvir SINGH, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

Docket No. 03–4911.

United States Court of Appeals, Second Circuit.

Aug. 29, 2005.

Jasvir Singh, Richmond Hill, NY, for Petitioner, pro se.

Stephanie A. Gallagher, Assistant United States Attorney (Allen F. Loucks, United States Attorney for the District of Maryland, on the brief), Baltimore, MD, for Respondent.

PRESENT: WALKER, Chief Judge, JACOBS, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals is **AFFIRMED** and the petition is **DENIED**.

*Pro se* petitioner Jasvir Singh asks this court to review an April 24, 2003 order of the Board of Immigration Appeals ("BIA") denying Singh's motion to reopen. Singh sought to reopen his deportation proceedings, in which the BIA had, on December 2, 2002, affirmed without opinion a February 20, 1998 decision by an immigration judge ("IJ") that denied Singh's applications for asylum and withholding of removal.

Although Singh's petition is nominally based on the BIA's April 24, 2003 denial of his motion to reopen, his brief is directed solely to the merits of the underlying final order of removal. We lack jurisdiction to review the BIA's December 2, 2002 order since Singh failed to timely file a petition for review. *See* 8 U.S.C. § 1252(b)(1); *Zhao v. DOJ*, 265 F.3d 83, 89 (2d Cir.2001) (appeal from final order of removal and appeal from denial of motion to reopen removal proceedings require two separate petitions).

As for the BIA's April 24, 2003 decision, Singh's brief fails to address that decision, thereby waiving the argument; his petition for review may be denied on that basis. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995); Fed. R.App. P. 28(a). In any event, the claim is meritless. Motions to reopen "will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3).[1] Moreover, where a petitioner's underlying application was denied on the basis of adverse credibility, as Singh's was, evidence in support of a motion to reopen is material only where it rebuts that adverse credibility finding. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir.2005). Singh's motion to reopen was based only on an affidavit that substantially repeated his testimony, as well as news articles containing general information about persecution of Sikhs in India. It therefore did not offer evidence either material or unavailable at the time of his earlier hearing, nor did it rebut the IJ's adverse credibility determination. The BIA thus did not abuse its discretion in denying Singh's motion to reopen. *See Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000).

The petition is accordingly **DENIED.**

---

1. Formerly codified at 8 C.F.R. § 3.23(b)(3).